# EXHIBIT A

**Prior Scheduling Order in J.C. Penney Case**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-cv-9143 |
| | ) | |
| v. | ) | |
| | ) | Hon. Rebecca Pallmeyer |
| J.C. PENNEY CORPORATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT OF THE PARTIES' PLANNING MEETING

1. **Participants.** The following persons participated in a Rule 26(f) conference on Wednesday, February 22, 2012, by telephone:

    a. **For Plaintiff Helferich Patent Licensing, LLC. ("Helferich")**: Steven G. Lisa, Victoria Curtin and Timothy Sperling.

    b. **For Defendant J.C. Penney Corporation, Inc. ("J.C. Penney")**: Daniel Farris and R. David Donoghue.

2. **Initial Disclosures.** Helferich has been granted leave to file a Second Amended Complaint on or before March 14, 2012. J.C. Penney's Answer or other pleading thereto shall be filed on or before March 28, 2012. The parties will complete the initial disclosures required by Rule 26(a)(1) fourteen days thereafter, by April 11, 2011. The parties further note that Helferich has filed a motion to transfer this case as a related matter to other actions pending before Judge Darrah. J.C. Penney has opposed that motion. Judge Darrah has set a hearing to rule on Helferich's motion on April 19, 2012. . Helferich has also moved to lift the stay that was entered in the cases pending before Judge Darrah as the *ex parte* reexaminations that formed the basis of that stay are now complete. A hearing to rule on that motion to lift stay is set for May 3, 2012. Should the transfer motion be granted and the stay lifted, as requested by Helferich, Helferich will ask that the schedule in this case be adjusted and coordinated with the other matters pending before Judge Darrah.

3. **Disclosures and Discovery Pursuant to Local Patent Rules**. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. **Additional Discovery Plan/Requirements**. The parties agree that, at this time, no additional requirements or deadlines will govern discovery in this case other than those

imposed by the Federal Rules of Civil Procedure, the Local Patent Rules, and as otherwise set forth herein.

   a. The parties currently do not contemplate changes to the discovery limits set out in the Federal Rules of Civil Procedure; however, the parties may seek additional discovery by stipulation or order of the Court.

   b. Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5. **Alternative Discovery Plan**. The parties propose a discovery plan that differs from that provided in the Local Patent Rules, due to the contemplated amended complaint (see ¶ 2, above) and the number of patents in suit.

   a. **Date for supplementation under Rule 26(e)**: The parties may supplement discovery relating to invalidity or infringement under Rule 26(e) until February 20, 2013.

   b. **Final date for plaintiff to amend pleading or join parties**: Plaintiff may join parties, to the extent allowable by the patent laws, or amend its complaint until and including April 1, 2012, without leave of Court for good cause.

   c. **Final date for defendant to amend pleading or join parties**: Defendant may join parties, to the extent allowable by the patent laws, or amend its answer and counterclaims until and including July 1, 2012, without leave of Court for good cause.

   d. **Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists**: The parties shall submit their Rule 26(a)(3) designations at least 30 days before trial, unless required at an earlier date by the Court. The final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be set after the Court's claim construction determination. The parties have requested a trial by jury.

   e. **Final dates to file objections under Rule 26(a)(3)**: The parties shall file objections under Rule 26(a)(3) at least 14 days before trial, unless required at an earlier date by the Court. Final dates to file objections under Rule 26(a)(3) shall be determined after the Court's claim construction determination.

   f. **Local Patent Rule deadlines.** The Local Patent Rule deadlines through claim construction, shall be as follows, with the remainder of deadlines to be determined based upon the date a claim construction opinion issues:

| Plaintiff's Second Amended Complaint | March 14, 2012 |
|---|---|
| Defendant's Answer or Other Response to Second Amended Complaint | March 28, 2012 |
| Initial Disclosures (LPR 2.1) | April 11, 2012 |
| Initial Infringement Contentions (LPR 2.2) | May 2, 2012 |
| Initial Non-Infringement, Unenforceability & Invalidity Contentions (LPR 2.3) | May 23, 2012 |
| Document Production Accompanying Invalidity Contentions (LPR 2.4) | May 23, 2012 |
| Initial Response To Invalidity Contentions (LPR 2.5) | June 13, 2012 |
| Final Infringement, Unenforceability & Invalidity Contentions (LPR 3.1) | September 26, 2012 |
| Final Non-Infringement, Enforceability and Validity Contentions (LPR 3.2) | October 24, 2012 |
| Document Production Accompanying Final Invalidity Contentions (LPR 3.3) | October 24, 2012 |
| Final Date to Seek Stay Pending Reexamination (LPR 3.5) | October 24, 2012 |
| First Day Opinion of Counsel Evidence Becomes Discoverable (LPR 3.6(a)) | October 31, 2012 |
| Document Production for Parties Relying on Opinion of Counsel Defense Due (LPR 3.6(b)) | October 31, 2012 |
| Exchange of Claim Terms Needing Construction (LPR 4.1(a)) | November 7, 2012 |
| Deadline to Meet and Confer to Select at Most 10 Terms for Construction (LPR 4.1(b)) | November 14, 2012 |

| | |
|---|---|
| Initial Fact Discovery Close (LPR 1.3) | December 5, 2012 |
| Defendant's Opening Claim Construction Brief (LPR 4.2(a)) (25 page limit) | December 19, 2012 |
| Deadline for Filing Claim Construction Joint Appendix (LPR 4.2(b)) | December 19, 2012 |
| Plaintiff's Responsive Claim Construction Brief (LPR 4.2(c)) | January 30, 2013 |
| Defendant's Reply Claim Construction Brief (LPR 4.2(d)) | February 15, 2013 |
| Joint Claim Construction Chart (LPR 4.2(f)) | February 22, 2013 |
| Claim Construction Hearing (LPR 4.3) (Unless otherwise ordered by the Court) | April 4, 2013 |
| Fact Discovery Re-Opens (LPR 1.3) | 28 Days After Ruling on Claims Construction |
| Fact Discovery Closes (LPR 1.3) | 42 Days After Ruling on Claims Construction |
| Initial Expert Disclosures (LPR 5.1(b)) | 21 Days After Fact Discovery Closes |
| Rebuttal Expert Disclosures (LPR 5.1(c)) | 35 Days After Fact Discovery Closes |
| Deadline to Complete Expert Depositions; Close of Expert Discovery (LPR 5.2) | 35 Days After Rebuttal Disclosures |
| Dispositive Motion Deadline (LPR 6.1) | 28 Days After Close of Expert Discovery |

6. **Other Dates.**

    a. All discovery regarding infringement or invalidity contentions shall be supplemented 14 days before the date for the Opening Claim Construction Brief, by November 28, 2012.

    b. The Court has set a status hearing for March 20, 2012; the scheduling order may be entered before that date.

    c. The Parties do not request any date for a pretrial conference at this time.

7. **Settlement**.

Plaintiff's Statement Regarding Settlement

    a. Helferich has attempted to address its infringement contentions with JCPenney for more than a year prior to this suit being filed without reaching agreement.

    b. Helferich has signed over 100 licenses with many of the world's most sophisticated technology companies, including approximately 85 content licenses. Helferich's licensing rates are established under both a lump sum and running royalty rate basis, and in both a litigation and pre-litigation context.

    c. In each of the five cases pending before Judge Darrah, the Court has ordered expedited referral to Magistrate Judge Gilbert for a settlement conference. Helferich believes that a similar reference is appropriate and may be of assistance in this matter.

    d. Helferich disagrees with Defendant's characterizations set forth below regarding settlement.

Defendant's Statement Regarding Settlement

As an initial matter, J.C. Penney continues to believe that any discussion of the parties' respective settlement positions on the record is wholly inappropriate. J.C. Penney has raised this issue in a Motion to Strike, filed before this Court, and in both correspondence and oral communications with counsel for Helferich. Despite J.C. Penney's efforts, Helferich insists that it has a right to "educate the Court" about private settlement negotiations in this, and other, cases. Accordingly, J.C. Penney believes that it has no choice but to respond in kind, nonetheless maintaining the position that statements about settlement negotiations in a filing on the record are not proper. In response to Helferich's Settlement Position, J.C. Penney states:

a. Helferich's claim that the parties "have addressed the merits of Helferich's infringement contentions for more than a year" is false. For more than a year, Helferich has made unsubstantiated demands for license payments, while providing little or no information related specifically to J.C. Penney. Instead, Helferich has avoided any detailed discussion of its infringement contentions, substituting high level gloss for substantive discussions relevant to any alleged use by J.C. Penney. Helferich has not provided J.C. Penney infringement contentions, and has refused to discuss any of J.C. Penney's legitimate defenses.

b. Helferich's claim that " over 300 claims, including those asserted by Helferich to be infringed herein, were confirmed patentable by the Patent Office" is incorrect and misleading. To the contrary, the reexamination proceedings have caused Helferich to change the scope of its claims by either argument or amendment, as described more thoroughly in The New York Times Company's January 30, 2012 status report. Dkt. No. 97 in *Helferich Patent Licensing, LLC v. The New York Times Co.,* No. 10-cv-4387 (N.D.Ill.).

c. Helferich's claims related to licensing by other parties is not germane to any settlement position with J.C. Penney. 2. The lion's share of settlement agreements referred to by Helferich are with parties producing handheld devices and relate to claims that are not likely to be asserted against J.C. Penney. Moreover, Helferich has adopted a model of licensing that seeks dollar values incrementally less than the cost of defense in an effort to ensure nuisance value settlements that bear little correlation to the substantive merits of Helferich's allegations. The numbers of licenses obtained are merely evidence of the cost of defense of major patent litigation disputes and not the merits of the claims asserted against the accused infringers or the value of the technology claimed in the patents.

d. The Helferich cases before Judge Darrah are unrelated to this case for purposes of settlement, and referral to Judge Gilbert in those cases does not bear upon this case. J.C. Penney is open to meaningful settlement discussions, whether facilitated by the Court or otherwise. It is difficult, however, to have any meaningful discussion without infringement contentions specific to J.C. Penney. Helferich's position to-date has been strictly a non-negotiable demand for license/royalty fees, and that it will aggressively punish accused infringers who seek a judicial determination of Helferich's claims.

8. **Magistrate Judge**.

   a. The parties do not consent to proceed before a magistrate judge for all purposes.

   b. No matters have yet been referred to a magistrate judge.

9. **Other Items:**

    a. Anything shown to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support or countering the opinion, is subject to discovery by the opposing party.

    b. The parties agree that drafts of expert reports will not be retained and produced.

    c. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g. "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

    d. Helferich consents to the video "An Introduction to the Patent System" should be shown to the jurors in connection with its preliminary jury instructions. J.C. Penney does not so consent.

    e. Helferich has filed 6 other suits in this District. *See Helferich Patent Licensing, LLC v. New York Times Company,* No. 1:10-cv-04387 (N.D. Ill.) (J. Darrah), which is currently stayed pending the outcome of reexamination proceedings. The others are: *Helferich Patent Licensing, LLC v. Bravo Media, LLC,* No. 1:11-cv-07647 (N.D. Ill.); *Helferich Patent Licensing, LLC v. CBS Corporation,* No. 1:11-cv-07607 (N.D. Ill.); *Helferich Patent Licensing, LLC v. G4 Media, LLC,* No. 1:11-cv-07395 (N.D. Ill.); *Helferich Patent Licensing, LLC v. The Bon-Ton Stores, Inc.,* No. 1:11-cv-07189 (N.D. Ill.); *Helferich Patent Licensing, LLC v. Best Buy Co., Inc.,* No. 1:11-cv-06914 (N.D. Ill.). There is a stay pending re-exam in the New York Times case. The defendants in each of the latter five cases have moved for a stay of proceedings pending a third round of reexamination requests filed by the New York Times and the other defendants. Helferich and J.C. Penney do not seek a stay in this action, and intend to move forward consistent with the LPR.

    f. On February 9, 2012, Helferich filed a motion to transfer this action to Judge Darrah under LR 40.4 as related to the above six cases. J.C. Penney has opposed that motion. A hearing is set on the motion to transfer for April 19, 2012.

///
///
///

Date:   March 13, 2012

/s/ Victoria Curtin
Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956

Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
Timothy Sperling (Ill. State Bar # 6283854)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

*Attorneys for Helferich Patent
Licensing, LLC*

/s/  Daniel L. Farris
R. David Donoghue
Daniel L. Farris
Holland & Knight LLP
131 South Dearborn St., 30th Floor
Chicago, IL 60603
Tel.: (312) 263-3600
Fax: (312) 578-6666
david.donoghue@hklaw.com
daniel.farris@hklaw.com

*Attorneys for J.C. Penney
Corporation, Inc.*