## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, LLC, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-04387 |
| | ) | |
| THE NEW YORK TIMES COMPANY, | ) | |
| | ) | |
| HELFERICH PATENT LICENSING, LLC | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-06914 |
| | ) | |
| BEST BUY CO., INC., | ) | |
| | ) | |
| HELFERICH PATENT LICENSING, LLC, | ) | |
| | ) | No. 1:11-cv-07395 |
| v. | ) | |
| | ) | |
| G4 MEDIA, LLC., | ) | |
| | ) | |
| HELFERICH PATENT LICENSING, LLC, | ) | |
| | ) | No. 1:11-cv-07607 |
| v. | ) | |
| | ) | |
| CBS CORPORATION, | ) | |
| | ) | |
| HELFERICH PATENT LICENSING, LLC, | ) | |
| | ) | No. 1:11-cv-07647 |
| v. | ) | |
| | ) | |
| BRAVO MEDIA, LLC, | ) | |
| | ) | |
| HELFERICH PATENT LICENSING, LLC, | ) | |
| | ) | No. 1:11-cv-9143 |
| v. | ) | |
| | ) | |
| J.C. PENNEY CORPORATION, INC., | ) | |

## PLAINTIFF'S MOTION FOR EXPEDITED CLAIM CONSTRUCTION

Helferich Patent Licensing, LLC ("Helferich") files this motion to modify the recently entered Scheduling Order to allow for an efficient and early resolution of potentially dispositive claim construction issues in the above-captioned actions.[1]

As the Court is no doubt aware, most patent actions resolve after the Court's ruling on claim construction. For those few that do not resolve after *Markman*, claim construction informs and streamlines further proceedings for both the parties and the Court. *See Smiths Industries Medical Systems, Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1353 (Fed.Cir. 1999) (through claim construction, "trial courts are often able to narrow disputes and provide more efficient trials"); *Medisim Ltd. v. Bestmed LLC*, 2011 WL 2693896 *1 (S.D.N.Y. 2011) ("Claim construction . . . is a task preferably tackled early on in a patent infringement action"). Thus, an early *Markman* would likely lead to a resolution of the matter for some, if not all, of the parties; for those matters that remain unresolved, an early *Markman* would reduce costs and simplify further proceedings for the parties and the Court.

An expedited *Markman* hearing is particularly appropriate in this case, which was previously stayed while the patents were subjected to extensive substantive review in repeated rounds of reexamination proceedings filed by the NYT Defense Group. Indeed, as noted by NYT in its original motion for stay filed in March 2011:

> Even in the unlikely event that the claims of the patents-in-suit survive the reexamination process unchanged – which they will not – the reexamination process nevertheless will streamline this litigation. For example, characterizations

---

1 Helferich is pleased to advise the Court that a second NYT Defense Group member – Best Buy Co., Inc. – has reached an agreement in principle to take a license under the Helferich patents. Appropriate papers are being finalized and will be filed shortly before this Court. Accordingly, this motion will ultimately be directed only to the actions against the NY Times, G4Media, Bravo, CBS and JC Penney.

of the claims made by HPL during the reexamination process become part of the prosecution history, a source of intrinsic evidence that must be considered during claim construction. *See E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439 (Fed. Cir. 1988). Granting a stay would allow this Court, when later conducting its own claim construction analysis, to benefit from HPL's clarifications as to the scope of its claims during reexamination. *See, e.g.*, *In re Cygnus Telecomm. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (granting a stay pending reexamination in part due to the benefits of a "richer prosecution history upon which to base necessary claim construction determinations"). Finally, a stay pending reexamination would allow the Court in later proceedings to benefit from the expertise of the PTO as brought to bear in the reexamination. *See, e.g.*, *Pass & Seymour, Inc. v. Hubbell Inc.*, 532 F. Supp. 2d 418, 436 (N.D.N.Y. 2007) ("An important factor figuring into the stay question is the desirability of drawing upon the expertise of the PTO regarding the complex areas of patentability implicated in this action… [T]he parties and the court could benefit immensely from the expertise of the PTO.").

The New York Times Company's Motion to Stay Pending Reexaminations, No. 1:10-cv-04387 (Dkt. 72) at 16-17.

In fact, *both* the claim construction and validity issues were well-developed over the multiple rounds of reexamination proceedings. Helferich presented to the Patent Office an extensive glossary of defined claim terms along with supporting expert declarations addressing claim construction. Thus, as predicted by the NYT Defense Group, Helferich's claim construction position is now clearly developed in the public PTO record. Likewise, the NYT Defense Group presented scores of invalidity arguments; many were rejected outright by the Patent Office, and others were fully considered by the examiners prior to the PTO confirming hundreds of Helferich's claims in their original, amended and new forms. Further, in the latest round of reexaminations (the Defense Group's *third*), the Defense Group presented obviousness rejections based on only four primary references. Thus, the Defense Group has already significantly narrowed its positions. In view of this extensive record, the Court should have little

doubt that the parties are in a position to move promptly and efficiently towards a *Markman*, followed by a prompt trial of the defendants' invalidity arguments.

Helferich therefore proposes to streamline this litigation in view of the substantial public record that already addresses claim construction and invalidity in the reexaminations before the Patent Office. Helferich seeks to accelerate the schedule leading to a *Markman* hearing by initially limiting discovery solely to that needed for claim construction. Such limitations on discovery are clearly within the power of the Court to control its calendar. As the Federal Circuit noted in approving a district court's limitation of discovery pre-*Markman*: "the court's management of discovery at the claim construction stage may serve the salutary goals of speed and economy, and is appropriate in cases in which the dispute may be resolved at this stage without compromise of justice." *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999).

More specifically, Helferich proposes accelerating the schedule in the NDIL Local Patent Rules leading to a full, but early, claim construction hearing (as set out in LPR 4.1 through 4.3). To accomplish that goal, Helferich proposes that the parties exchange contentions under LPR 2.2, 2.3 and 2.5, but otherwise limit the scope of discovery pre-*Markman* to only those issues and facts relevant to claim construction.[2] These preliminary contentions will obviously consider the fully developed record in the several rounds of PTO reexaminations and will properly frame the claim construction hearing. However, the parties would *postpone* potentially unnecessary and

---

[2] Helferich is ***not*** proposing a "mini-*Markman*" or preliminary claim construction of some but not all claim terms as has been tried recently in other courts, notably the Eastern District of Texas. *Cf. Whetstone Electronics, LLC v. Xerox Corp.*, 2011 WL 3510750 (E.D. Tex. 8/10/2011) (early construction of three "case dispositive" terms).

expensive discovery (and inevitable disputes/motion practice) on infringement, invalidity and damages until after the Court issues its claim construction ruling.

This permits the claim construction process to be significantly expedited, allowing for a *Markman* hearing as early as January 2013, nearly six months earlier than the current schedule. Moreover, by postponing the bulk of discovery until after *Markman*, it will be more efficient, advancing the likely dispositive claim construction issues without sidetracking the parties and the Court with expensive discovery and motion practice on collateral issues. Even if one or more parties refuse to settle after the *Markman* ruling, later proceedings will be more focused, better informed and proceed only as to the remaining parties. A proposed schedule consistent with Helferich' concept is attached hereto as Exhibit A.

Helferich believes the specifics of a post-*Markman* schedule can probably be best addressed after the claim construction ruling, and after the parties have an opportunity to consider the ruling and possible settlement. Accordingly, Helferich proposes that, following the Court's claim construction ruling, the Court schedule a joint status conference to address further proceedings. However, should the Court wish to set a schedule now, Helferich suggests two options:

1. the parties agree to a consolidated trial of all common invalidity defenses, to be held as promptly as possible after claim construction (with infringement and damages discovery stayed until later, to be conducted only if necessary); or

2. the parties agree on a single "representative" or "lead" defendant (such as the New York Times), and the Court set a discovery and trial schedule culminating with a trial on the merits of all issues (infringement and validity) as to that lead defendant.

5

Helferich prefers the first option, as it promptly resolves **_all_** common invalidity defenses once and for all in the most efficient manner possible, and reserves the expensive infringement and damage discovery to be conducted only if necessary.[3]

Helferich initially raised this proposal at the Status Conference in June. Although the parties had jointly submitted pretrial schedules in all of the captioned matters, with a *Markman* hearing scheduled for June 2013 (*see* Orders[4] of June 28, 2012), counsel for Helferich nevertheless suggested a more streamlined procedure:

> MR. LISA: I raised an issue with most of counsel in an effort to try and get us to the common issues in these cases. As J.C. Penney's counsel just indicated, they have been consolidated for pretrial issues. We can do a whole lot of simplification here if we focused on claim construction, an early Markman hearing, and then a common validity trial, and basically get rid of all the extraneous issues, and that would solve a whole lot of discovery disputes before your Honor.
>
> THE COURT: I would really encourage you to meet and confer in that regard. That's very attractive.

Transcript of Proceedings, *New York Times* (Dkt. 157) at 9.

Helferich has also suggested this procedure in two related actions before other judges, both of whom were persuaded of the benefits of the suggested streamlined procedure. In an action on the same patents in the District of Arizona, Judge David Campbell stated:

> THE COURT: Well, it seems to me it makes eminent sense to hold one Markman hearing in all of these cases . . . . I also agree that it makes sense to get to that point without a lot of other discovery that will cost a lot of money so we can get the claims construed and see if that helps resolve the case. And if not, we'll go forward with discovery in the various cases.

---

[3] Clearly, the NYT Defense Group has demonstrated its ability to "jointly" present their invalidity arguments, as it has done so before the Patent Office. There should be no difficulty doing so before this Court. However, if the Defense Group members refuse to consent to a joint invalidity trial, *see* 35 U.S.C. §299(c), Helferich requests that the Court direct the parties to proceed promptly as to one of the Defense Group's lead members.

[4] *See, e.g.,* Amended Scheduling Order (Dkt. 156) and Docket Entry (Dkt. 155), in the *New York Times* case.

Transcript of Proceedings, *Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC*, No. CV 11-02304 (D. Ariz. 1/23/1012)(Dkt. 34) at 6-7. Similarly, in an earlier-filed case in this District, Judge Pallmeyer also agreed with a similar proposal, stating "By the way, your final proposal that we accelerate the *Markman* hearing is, I think, a terrific idea." Transcript of Proceedings, *Helferich Patent Licensing, LLC v. Palm, Inc.*, No. 10 C 2411 (N.D. Ill. 9/14/2010) (Dkt. 61) at 8. Thus, experienced patent judges have indicated that they prefer Helferich's suggestion for bifurcated discovery followed by an accelerated consolidated *Markman* hearing.

Pursuant to the Court's request, Helferich conferred with defendants regarding this proposal. The New York Times Group, Best Buy and JC Penney rejected the proposal.

**Date**: July 20, 2012

VICTORIA GRUVER CURTIN, P.L.C.

By:*/s/ Victoria Curtin*
Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547

Steven G. Lisa (Ill. State Bar # 6187348)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Gerald D. Hosier (Ill. State Bar #7059)
Law Offices of Gerald D. Hosier, Ltd.
PO Box 12354
Aspen, CO 81612
(970) 920-3475

Attorneys for Plaintiff/Counterdefendant

7

## CERTIFICATE OF SERVICE

I Laura Keller certify that on July 20, 2012, I personally caused to be served, by CM/ECF

filing, a true and correct copy of "Motion for Expedited Claim Construction" to:


Michael R. Weiner
(mweiner@marshallip.com)
Julianne M. Hartzell
(jhartzell@marshallip.com)
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606


Brian M. Buroker
bburoker@gibsondunn.com
Gibson, Dunn & Crutcher
1050 Connecticut Avenue, N.W.
Washington, DC  20006


Kenneth Richieri
(richierk@nytimes.com)
The New York Times Company
620 Eighth Avenue, 17th Floor
New York, New York 10018


Michael M. Markman
mmarkman@cov.com
Robert Williams
rwilliams@cov.com
Covington & Burling, LLP
One Front Street
San Francisco, CA  94111


David M. Airan
dairan@leydig.com
John K. Winn
jwinn@leydig.com
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Il  60601-6731

Daniel L. Farris
daniel.farris@hklaw.com
R. David Donoghue
david.donoghue@hklaw.com
Holland & Knight LLP
131 S. Dearborn Street, 30th Floor
Chicago, IL  60603


_/s/ Laura Keller_
Laura Keller

# Exhibit A

**EXHIBIT A**

**Modified Schedule for Expedited Claim Construction**

| Event | Helferich's Proposal | Per Judge Darrah's Order |
|---|---|---|
| Exchange initial disclosures | August 24, 2012 | August 24, 2012 |
| Helferich to serve its infringement contentions | September 7, 2012 | September 7, 2012 |
| Defendants to serve non-infringement, invalidity, and unenforceability contentions, and related document production | September 28, 2012 | September 28, 2012 |
| Helferich to serve its response to non-infringement, invalidity, and unenforceability contentions | October 26, 2012 | October 26, 2012 |
| Last day to amend pleadings or join parties | November 2, 2012 | February 1, 2013 |
| Last day to seek a stay pending reexamination | November 2, 2012 | February 25, 2013 |
| Exchange Lists of Claim Terms for Construction | November 9, 2012 | March 8, 2013 |
| Last day to confer to select ten Claim Terms for Construction, absent good cause that more terms are appropriate. | November 16, 2012 | March 8, 2013 |
| Pre-claim construction fact discovery to close | November 16, 2012 | March 8, 2013 |
| Last day to file Claim Construction Joint Appendix | December 7, 2012 | March 15, 2013 |
| Defendants to file Opening Claim Construction Brief | December 7, 2012 | March 22, 2013 |

| | | |
|---|---|---|
| Helferich to file its Responsive Claim Construction Brief | December 21, 2012 | April 5, 2013 |
| Defendants to file Reply Claim Construction Brief | January 9, 2013 | April 12, 2013 |
| Parties to file their Joint Claim Construction Chart | January 11, 2013 | April 12, 2013 |
| Claim Construction Hearing | January 18, 2013 (or as soon thereafter as may be convenient for the Court) | May 10, 2013 |
| Joint Status Conference to Address Further Proceedings | Two weeks after the Court issues its Claim Construction ruling (or as soon thereafter as may be convenient for the Court) | May 24, 2013 |

Prior to the claim construction hearing, discovery will be directed only to common issues and

claim construction.

2