UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11 CV 9143 |
| | ) |
| J.C. PENNEY CORPORATION, INC., | ) Judge John W. Darrah |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Helferich Patent Licensing, LLC ("Helferich") filed a Second Amended Complaint, alleging patent infringement on behalf of Defendant J.C. Penney Corporation, Inc. ("J.C. Penney"). J.C. Penney filed twelve Counterclaims, seeking six declarations of non-infringement and six declarations of invalidity of the patents in suit. Helferich filed a Motion to Dismiss the Invalidity Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a). For the reasons stated below, Helferich's Motion to Dismiss is denied.

## BACKGROUND

Helferich owns U.S. Patent Nos. 7,835,757 (" '757 Patent"); 7,499,716 (" '716 Patent"); 7,280,838 (" '838 Patent"); 8,107,601 (" '601 Patent"); 8,116,741 (" '741 Patent"); and 8,134,450 (" '450 Patent"). (Second Am. Compl. ¶¶ 5-10.) The six patents all relate to the creation, storage, and delivery of electronic messages and related content to mobile phones. (*Id.* ¶ 11.) On March 14, 2012, Helferich filed its Second Amended

Complaint against Defendant J.C. Penney, alleging infringement of all six patents.[1] (*Id.* ¶¶ 23, 30, 37, 44, 51, 58.) On March 28, 2012, J.C. Penney filed an answer to the Second Amended Complaint and further alleged twelve counterclaims, seeking declarations of invalidity and non-infringement of the six patents. (Def.'s Answer ¶¶ 42-83.) Helferich moves to dismiss the six invalidity counterclaims. All of the invalidity counterclaims are pled nearly identically. As an example, the Seventh Counterclaim states:

> One or more of the claims of the '757 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.
>
> More specifically and without limitation, the '757 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing, and advertising systems and methods.
>
> For example, and without limitation, upon information and belief the patents-in-suit are invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95/001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This case is only at the pleading stage, and J.C. Penney's investigation of the prior art is ongoing. J.C. Penney reserves the right to rely upon additional prior art, consistent with the Local Patent Rules of the Northern District of Illinois.

(Def.'s Answer ¶¶ 46-48.) Helferich filed a Motion to Dismiss J.C. Penney's Invalidity Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Pl.'s Mot. at 1.) Helferich argues J.C. Penney's counterclaims fail to meet the requirements of Fed. R.

---

[1] Helferich also filed suit against Defendants New York Times; G4 Media, LLC; The Bon-Ton Stores, LLC; Best Buy Co., Inc.; CBS Corporation; and Bravo Media, LLC, alleging infringement of these patents. (*See* Case Nos. 10-cv-04387; 11-cv-07395; 11-cv-07189; 11-cv-06914; 11-cv-07607; and 11-cv-07647.) The action at issue here, against Defendant J.C. Penney, is not consolidated with these other cases but was transferred to this Court as a related case.

Civ. P. 8(a) as they "consist solely of bald averments of broad defenses, wholly lacking in any factual support or specific legal theories." (*Id.*)

## LEGAL STANDARD

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Thus, Seventh Circuit precedent controls. *Id.* Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). Rule 8 does not require "detailed factual allegations" but demands more than "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Twombly*, 550 U.S. at 570.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1950. Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

Helferich argues J.C. Penney's invalidity counterclaims (Counts VII-XII) should be dismissed for failure to adequately set forth claims for relief, pursuant to Rules 8(a) and 12(b)(6). (Pl.'s Mot. at 5.) Further, Helferich argues J.C. Penney failed to provide fair notice of its counterclaims. *Id.*

Motions to dismiss factually bare invalidity counterclaims have been both granted and denied in the Northern District of Illinois. In *Cleversafe, Inc. v. Amplidata, Inc.*, Judge Kocoras granted the plaintiff's motion to dismiss the defendant's invalidity counterclaims, finding that the invalidity counterclaims lacked any factual support, and therefore, did not meet the pleading standard set out in *Twombly* and *Iqbal*. *Cleversafe. Inc. v. Amplidata, Inc.*, No. 11-CV-4890, 2011 WL 6379300, at *2 (N.D. Ill. Dec. 20, 2011). Similarly, Judge Hibbler dismissed an invalidity counterclaim in *Groupon Inc. v. MobGob LLC*, ruling that the defendant had failed to allege a single fact in support of its counterclaim, therefore providing the Court "with no basis for making a reasonable inference in its favor." *Groupon Inc. v. MobGob LLC*, No. 10-CV-7456. 2011 WL 2111986, at *5 (N.D. Ill. May 25, 2011).

In *Pfizer Inc. v. Apotex Inc.*, Judge Dow took a different position, finding that the counterclaims alleged, "[w]hile brief . . . [were] sufficient to put Pfizer on notice of what Apotex is claiming - invalidity of the Unasserted Patents - and the grounds upon which this claim rests - failure to satisfy one or more of the conditions of patentability." *Pfizer Inc. v. Apotex Inc.*, 726 F.Supp.2d. 921, 937-38 (N.D. Ill. 2010) (*Pfizer*).[2] Judge Dow

---

[2] The opinion also denied plaintiff's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), finding that a case or controversy existed and that, therefore, the Court had jurisdiction over the counterclaims.

4

further noted that a dismissal of the counterclaims at the pleading stage would thwart the purposes of the Local Patent Rules, which require more particularized information to be disclosed during the Invalidity Contentions stage. *Id., see also* Local Patent Rule 2.3. This reasoning is persuasive.

Though brief, the invalidity counterclaims provide Helferich sufficient notice that J.C. Penney seeks a declaration of invalidity of their patents on the basis of anticipation or obviousness. Each of J.C. Penney's counterclaims is comprised of three relevant paragraphs, as indicated above. J.C. Penney first alleges that the patents are invalid for failure to comply with "one or more of the statutory provisions of 35 U.S.C. § 101, et seq., including without limitation §§ 102, 103, and/or 112." (Dkt. No. 34.) Next, J.C. Penney alleges that the patents are invalid "as anticipated pursuant to 35 U.S.C. § 102" or as "obvious pursuant to 35 U.S.C. § 103"; J.C. Penney then offers a description of prior art that these allegations are based upon.

J.C. Penney is not required to identify specific articles of prior art; it provides Helferich with adequate notice by identifying that it will attempt to prove Helferich's patents are anticipated or obvious. These counterclaims will be further developed with appropriate specificity in the Initial Contentions and Invalidity Contentions. As the Local Patent Rules explain, "[c]omplaints and counterclaims in most patent cases are worded in a bare-bones fashion, necessitating discovery to flesh out the basis for each party's contentions." Local Patent Rules Preamble. J.C. Penney's counterclaims meet the pleading requirements set out by *Twombly* and *Iqbal*. Moreover, Helferich has due notice that J.C. Penney seeks to have its patents (as discussed in Helferich's Second Amended Complaint and acknowledged in J.C. Penney's Answer) declared invalid because they

fail to meet the requirements of patentability. To require J.C. Penney to amend its invalidity counterclaims because they lack relevant or numerous prior art references would undermine the purpose of the Local Patent Rules.

## CONCLUSION

For the foregoing reasons, Helferich's Motion to Dismiss J.C. Penney's Invalidity Counterclaims is denied.

Date: 8-28-12
8/28/12

JOHN W. DARRAH
United States District Court Judge