**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, LLC,<br>an Illinois Limited Liability Company,<br>Plaintiff, | ) | |
| v. | ) | No. 1:11-cv-9143 |
| | ) | Hon. John W. Darrah |
| J.C. PENNEY CORPORATION, INC.,<br>a Delaware Corporation,<br>Defendant. | ) | |

**PLAINTIFF HELFERICH'S ANSWER TO COUNTERCLAIMS**

Plaintiff and Counterdefendant Helferich Patent Licensing, LLC ("Helferich" or "HPL"), for its answer to the Counterclaims of J.C. Penney Corporation ("J.C. Penney") in Defendant's Answer to Second Amended Complaint for Patent Infringement (Dkt. 34) states:

**PARTIES**

1. J.C. Penney Corporation, Inc. is a Delaware corporation with its principal place of business in Plano, Texas.

Answer: Admitted.

2. According to paragraph 4 of the Complaint, Helferich Patent Licensing, LLC ("Helferich") is an Illinois limited liability company with a principal place of business at 70 W. Madison St., Three First National Plaza, Suite 1400, Chicago, IL 60602.

Answer: Admitted.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of these Counterclaims under, without

limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

Answer: Admitted.

4. Venue for these counterclaims is proper within this district under at least 28 U.S.C. § 1391.

Answer: Admitted.

5. This Court has personal jurisdiction over Helferich because Helferich has submitted itself to the personal jurisdiction of this Court by commencing this action.

Answer: Admitted.

**COUNT ONE**
**DECLARATION OF NON-INFRINGEMENT OF THE '757 PATENT**

6. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

7. J.C. Penney brings this action for declaratory judgment of non-infringement of the '757 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

8. Helferich has alleged that J.C. Penney has infringed the '757 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

9. Upon information and belief, J.C. Penney has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '757 Patent, and is not liable for any acts of infringement of any such claim of the '757 Patent.

Answer: Denied.

10. As evidenced by Helferich's Second Amended Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the '757 Patent.

Answer: Admitted.

11. J.C. Penney is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that J.C. Penney does not infringe and has not infringed any valid claim of the '757 Patent.

Answer: Denied.

**COUNT TWO**
**DECLARATION OF NON-INFRINGEMENT OF THE '716 PATENT**

12. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

13. J.C. Penney brings this action for declaratory judgment of non-infringement of the '716 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

14. Helferich has alleged that J.C. Penney has infringed the '716 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

15. Upon information and belief, J.C. Penney has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement,

any valid and enforceable claim of the '716 Patent, and is not liable for any acts of infringement of any such claim of the '716 Patent.

Answer: Denied.

16. As evidenced by Helferich's Second Amended Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the '716 Patent.

Answer: Admitted.

17. J.C. Penney is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that J.C. Penney does not infringe and has not infringed any valid claim of the '716 Patent.

Answer: Denied.

**COUNT THREE**
**DECLARATION OF NON-INFRINGEMENT OF THE '838 PATENT**

18. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

19. J.C. Penney brings this action for declaratory judgment of non-infringement of the '838 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

20. Helferich has alleged that J.C. Penney has infringed the '838 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

21. Upon information and belief, J.C. Penney has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '838 Patent, and is not liable for any acts of infringement of any such claim of the '838 Patent.

Answer: Denied.

22. As evidenced by Helferich's Second Amended Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the '838 Patent.

Answer: Admitted.

23. J.C. Penney is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that J.C. Penney does not infringe and has not infringed any valid claim of the '838 Patent.

Answer: Denied.

**COUNT FOUR**
**DECLARATION OF NON-INFRINGEMENT OF THE '601 PATENT**

24. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

25. J.C. Penney brings this action for declaratory judgment of non-infringement of the '601 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

26. Helferich has alleged that J.C. Penney has infringed the '601 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

27. Upon information and belief, J.C. Penney has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '601 Patent, and is not liable for any acts of infringement of any such claim of the '601 Patent.

Answer: Denied.

28. As evidenced by Helferich's Second Amended Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the '601 Patent.

Answer: Admitted.

29. J.C. Penney is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that J.C. Penney does not infringe and has not infringed any valid claim of the '601 Patent.

Answer: Denied.

**COUNT FIVE**
**DECLARATION OF NON-INFRINGEMENT OF THE '741 PATENT**

30. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

31. J.C. Penney brings this action for declaratory judgment of non-infringement of the '741 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

32. Helferich has alleged that J.C. Penney has infringed the '741 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

33. Upon information and belief, J.C. Penney has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '741 Patent, and is not liable for any acts of infringement of any such claim of the '741 Patent.

Answer: Denied.

34. As evidenced by Helferich's Second Amended Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the '741 Patent.

Answer: Admitted.

35. J.C. Penney is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that J.C. Penney does not infringe and has not infringed any valid claim of the '741 Patent.

Answer: Denied.

**COUNT SIX**
**DECLARATION OF NON-INFRINGEMENT OF THE '450 PATENT**

36. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

37. J.C. Penney brings this action for declaratory judgment of non-infringement of the '450 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

38. Helferich has alleged that J.C. Penney has infringed the '450 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

39. Upon information and belief, J.C. Penney has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '450 Patent, and is not liable for any acts of infringement of any such claim of the '450 Patent.

Answer: Denied.

40. As evidenced by Helferich's Second Amended Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the '450 Patent.

Answer: Admitted.

41. J.C. Penney is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that J.C. Penney does not infringe and has not infringed any valid claim of the '450 Patent.

Answer: Denied.

**COUNT SEVEN**
**DECLARATION OF INVALIDITY OF THE '757 PATENT**

42. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

43. J.C. Penney brings this action for declaratory judgment of invalidity of the '757 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

44. Helferich has alleged that J.C. Penney has infringed the '757 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

45. As evidenced by Helferich's Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether the claims of the '757 Patent are invalid.

Answer: Admitted.

46. One or more of the claims of the '757 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

Answer: Denied.

47. More specifically and without limitation, the '757 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing, and advertising systems and methods.

Answer: Denied.

48. For example, and without limitation, upon information and belief the patents-in-suit

are invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95/001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This case is only at the pleading stage, and J.C. Penney's investigation of the prior art is ongoing. J.C. Penney reserves the right to rely upon additional prior art, consistent with the Local Patent Rules of the Northern District of Illinois.

Answer: Denied.

**COUNT EIGHT**
**DECLARATION OF INVALIDITY OF THE '716 PATENT**

49. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

50. J.C. Penney brings this action for declaratory judgment of invalidity of the '716 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

51. Helferich has alleged that J.C. Penney has infringed the '716 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

52. As evidenced by Helferich's Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether the claims of the '716 Patent are invalid.

Answer: Admitted.

53. One or more of the claims of the '716 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

Answer: Denied.

54. More specifically and without limitation, the '716 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing, and advertising systems and methods.

Answer: Denied.

55. For example, and without limitation, upon information and belief the patents-in-suit are invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95/001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This case is only at the pleading stage, and J.C. Penney's investigation of the prior art is ongoing. J.C. Penney reserves the right to rely upon additional prior art, consistent with the Local Patent Rules of the Northern District of Illinois.

Answer: Denied.

**COUNT NINE**
**DECLARATION OF INVALIDITY OF THE '838 PATENT**

56. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of

the Counterclaims as though fully set forth herein.

57. J.C. Penney brings this action for declaratory judgment of invalidity of the '838 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

58. Helferich has alleged that J.C. Penney has infringed the '838 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

59. As evidenced by Helferich's Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether the claims of the '838 Patent are invalid.

Answer: Admitted.

60. One or more of the claims of the '838 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

Answer: Denied.

61. More specifically and without limitation, the '838 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing, and advertising systems and methods.

Answer: Denied.

62. For example, and without limitation, upon information and belief the patents-in-suit are invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95/001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This case is only at the pleading stage, and J.C. Penney's investigation of the prior art is ongoing. J.C. Penney reserves the right to rely upon additional prior art, consistent with the Local Patent Rules of the Northern District of Illinois.

Answer: Denied.

**COUNT TEN**
**DECLARATION OF INVALIDITY OF THE '601 PATENT**

63. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

64. J.C. Penney brings this action for declaratory judgment of invalidity of the '601 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

65. Helferich has alleged that J.C. Penney has infringed the '601 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

66. As evidenced by Helferich's Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether the claims of the '601 Patent are invalid.

Answer: Admitted.

67. One or more of the claims of the '601 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

Answer: Denied.

68. More specifically and without limitation, the '601 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing, and advertising systems and methods.

Answer: Denied.

69. For example, and without limitation, upon information and belief the patents-in-suit are invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95/001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This case is only at the pleading stage, and J.C. Penney's investigation of the prior art is ongoing. J.C. Penney reserves the right to rely upon additional prior art, consistent with the Local Patent Rules of the Northern District of Illinois.

Answer: Denied.

**COUNT ELEVEN**
**DECLARATION OF INVALIDITY OF THE '741 PATENT**

70. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of

the Counterclaims as though fully set forth herein.

71. J.C. Penney brings this action for declaratory judgment of invalidity of the '741 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

72. Helferich has alleged that J.C. Penney has infringed the '741 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

73. As evidenced by Helferich's Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether the claims of the '741 Patent are invalid.

Answer: Admitted.

74. One or more of the claims of the '741 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

Answer: Denied.

75. More specifically and without limitation, the '741 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing, and advertising systems and methods.

Answer: Denied.

76. For example, and without limitation, upon information and belief the patents-in-suit are invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95/001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This case is only at the pleading stage, and J.C. Penney's investigation of the prior art is ongoing. J.C. Penney reserves the right to rely upon additional prior art, consistent with the Local Patent Rules of the Northern District of Illinois.

Answer: Denied.

**COUNT TWELVE**
**DECLARATION OF INVALIDITY OF THE '450 PATENT**

77. J.C. Penney incorporates and realleges the allegations of paragraphs 1-5 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-5 of the Counterclaims as though fully set forth herein.

78. J.C. Penney brings this action for declaratory judgment of invalidity of the '450 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

Answer: Admitted.

79. Helferich has alleged that J.C. Penney has infringed the '450 Patent, and J.C. Penney has denied these allegations.

Answer: Admitted.

80. As evidenced by Helferich's Complaint and J.C. Penney's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether the claims of the '450 Patent are invalid.

Answer: Admitted.

81. One or more of the claims of the '450 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

Answer: Denied.

82. More specifically and without limitation, the '450 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing, and advertising systems and methods.

Answer: Denied.

83. For example, and without limitation, upon information and belief the patents-in-suit are invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95/001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This case is only at the pleading stage, and J.C. Penney's investigation of the prior art is ongoing. J.C. Penney reserves the right to rely upon additional prior art, consistent with the Local Patent Rules of the Northern District of Illinois.

Answer: Denied.

**COUNT THIRTEEN**
**ATTORNEYS FEES AND COSTS**

84. J.C. Penney incorporates and realleges the allegations of paragraphs 1-83 of these counterclaims.

Answer: Helferich incorporates by reference its responses to the allegations of Paragraphs 1-83

of the Counterclaims as though fully set forth herein.

85. This case is an exceptional case pursuant to 35 U.S.C. § 285, and therefore J.C. Penney is entitled to an award of attorneys' fees and costs.

Answer: Denied.

WHEREFORE Helferich prays:

A. That the Counterclaims of J.C. Penney be dismissed with prejudice and that J.C. Penney take nothing thereby;
B. That the Court award Helferich its costs, including reasonable attorneys fees under 35 U.S.C. § 285, incurred in the defense of the Counterclaims; and
C. That the Court award Helferich such other and further relief as the Court deems just and proper.

Dated: September 11, 2012

LAW OFFICES OF STEVEN G. LISA, LTD.

By: */s/ Timothy Sperling*
Timothy D. Sperling
Attorney for Plaintiff

Steven G. Lisa (Ill. State Bar # 6187348)
Timothy Sperling (Ill. State Bar # 6283854)
Jon E. Kappes (Ill. State Bar # 6291678)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547
Fax: (480) 596-7956

Gerald D. Hosier (Ill. State Bar # 7059)
Law Offices Of Gerald D. Hosier, Ltd.
P.O. BOX 12354
ASPEN, CO 81612
Tel: (970) 920- 3475
Off: (970) 920-3475

**CERTIFICATE OF SERVICE**

I Laura Keller certify that on September 11, 2012, I personally caused to be served, by CM/ECF filing, a true and correct copy of "PLAINTIFF HELFERICH'S ANSWER TO COUNTERCLAIMS":

*/s/ Laura Keller*
Laura Keller